GRADY WHITENER, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Whitener v. Commissioner
Docket No. 7863-78.
United States Tax Court
T.C. Memo 1979-415; 1979 Tax Ct. Memo LEXIS 107; 39 T.C.M. (CCH) 301; T.C.M. (RIA) 79415; October 3, 1979, Filed Grady Whitener, pro se. Dennis Brager, for the respondent. DAWSON
MEMORANDUM FINDINGS OF FACT AND OPINION DAWSON, Judge: Respondent determined deficiencies of $1,184 and $1,512.80 in petitioner's Federal income taxes for the years 1974 and 1975, respectively. The only issue for decision is whether the petitioner's stock car racing was an activity not engaged in for profit under the provisions of section 183(a). [1]
FINDINGS *109 OF FACT Some of the facts have been stipulated and are so found. Grady Whitener (hereinafter petitioner) was a resident of San Bernardino, California, when he filed his petition in this case. He filed his Federal income tax returns for 1974 and 1975 with the Internal Revenue Service Center at Fresno, California. During the years in issue the petitioner was employed full time as a repairman and welder for the Conrock Company. Beginning in 1960 and continuing into 1979, petitioner entered his Chevelle in various stock car races. He participated in four races in 1974 and four in 1975, all of which were within a short driving distance from his home. He is a member of NASCAR Association. He had no sponsor for his stock car racing. He has never raced in any of the national races. He did not finish better than 20th in any local race. In 1974 and 1975 the petitioner reported the following income and expenses from his stock car racing activties: 1974
1975
Gross Income
$1,500 $ 175
Expenses
6,106
6,547
Net Loss
$4,606
$6,372
Petitioner kept no business books, records or bank accounts. He has no receipts for 1974 because they were destroyed *110 by fire. For the year 1975 the petitioner had receipts, totaling $5,184.94, which he claimed were related to his stock car racing. However, some of the receipts were for his personal car, others were for years not before the Court, and some were issued to persons other than the petitioner. Some of the receipts were for items having a useful life of more than one year, namely: 1966 Chevrolet Race Car Body
$2,300
Lite (sic) Plant
80
1948 Panel Truck
450
Petitioner has never made a profit from stock car racing. However, in 1978 he reported the following net profit from his racing activities: Gross Receipts
$1,093
Depreciation
949
Other Expenses
0
Net Profit $ 144
The above net profit resulted from petitioner's failure to report all of his expenses for that year. In his notice of deficiency respondent allowed deductions only to the extent of gross income from racing, or $1,500 in 1974 and $175 in 1975, having determined that the activity was not engaged in for profit. OPINION We must decide whether petitioner's stock car racing constituted an activity not engaged in for profit under section 183(a). *111 It provides the general rule that if an individual engages in an activity, and "if such activity is not engaged in for profit, no deduction attributable to such activity shall be allowed under this chapter except as provided in this section." Section 183(b)(1) provides that deductions which would be allowable without regard to whether such activity is engaged in for profit shall be allowed. Section 183(b)(2) provides that deductions which would be allowable only if such activity is engaged in for profit shall be allowed "but only to the extent that the gross income derived from such activity for the taxable year exceeds the deductions allowable by reason of paragraph (1)." Section 183(c) defines an activity not engaged in for profit as follows: (c) Activity Not Engaged in for Profit Defined.--For purposes of this section, the term "activity not engaged in for profit" means any activity other than one with respect to which deductions are allowable for the taxable year under section 162 or under paragraph (1) or (2) of section 212. Section *112 162(a) allows a taxpayer to deduct all ordinary and necessary expenses paid or incurred during the taxable year in carrying on a trade or business. The test for determining whether an individual is carrying on a trade or business under section 162 is whether he engaged in the activity with the primary purpose and intention of making a profit. Engdahl v. Commissioner,72 T.C. No. 56 (July 11, 1979); Golanty v. Commissioner,72 T.C. 411 (1979); Allenv. Commissioner,72 T.C. 28 (1979); Dunn v. Commissioner,70 T.C. 715, 720 (1978), on appeal (2d Cir., March 5, 1979); and Benz v. Commissioner,63 T.C. 375, 383 (1974). The taxpayer's expectation of making a profit must be bona fide, but it is not required to be reasonable. Sec. 1.183-2(a), Income Tax Regs.; Engdahl v. Commissioner,supra;Golanty v. Commissioner,supra;Dunn v.Commissioner,supra at 720. Section 1.183-2(b), Income Tax Regs. *113 , sets forth some of the relevant factors, derived principally from prior case law, which are to be considered in determining whether a taxpayer had a bona fide expectation of making a profit. [2] It is clear, however, that the issue must be resolved not on the basis of any one factor but on the basis of all the surrounding facts and circumstances. Sec. 1.183-2(b), Income Tax Regs.; Golanty v. Commissioner,supra;Allen v. Commissioner,supra.Based on our review of the record here, we conclude that the petitioner lacked the requisite intent during the years in issue. *114 There are several reasons for our conclusion. First, the petitioner was only engaged in stock car racing part time and on a sporadic basis. Second, his efforts were not consistent with a profit motive. For 15 years he has failed to make a profit. Third, he did not conduct his stock car racing activities in a businesslike manner. He kept no regular books and records. He did not kepp a separate bank account for his racing activities. Fourth, automobile racing is the type of activity which is often engaged in for amusement and as a hobby. This, of course, tends to militate against a finding that the activity was engaged in for profit.Cf. McLean v. Commissioner,285 F.2d 756 (4th Cir. 1961), affirming per curiam T.C. Memo. 1960-128. Fifth, the petitioner, a single person without dependents, had income in excess of $15,000 in each of the years in issue. Thus, stock car racing made it possible for him to engage in a hobby while the government paid part of his expenses. Sixth, the petitioner never expected to profit from stock car racing to the extent of recouping the losses he sustained from prior years. Golanty v. Commissioner,supra. *115 Accordingly, we hold that the petitioner's stock car racing activity was not engaged in for profit in 1974 and 1975, and therefore section 183(b)(2) prohibits any deduction greater than the gross income derived from such activity. Decision will be entered for the respondent.
Footnotes
1. All statutory references are to the Internal Revenue Code of 1954, as amended and in effect during the years in issue.↩
2. Such factors include: (1) The manner in which the taxpayer carried on the activity; (2) the expertise of the taxpayer or his advisors; (3) the time and effort expended by the taxpayer in carrying on the activity; (4) the expectation that assets used in the activity may appreciate in value; (5) the success of the taxpayer in carrying on other similar or dissimilar activities; (6) the taxpayer's history of income or loss with respect to the activity; (7) the amount of occasional profit, if any, which is earned; (8) the financial status of the taxpayer; and, (9) whether elements of personal pleasure or recreation are involved.↩